## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 23 2024

KEVIN P WEIMER, Clerk
By: _____ Deputy Clerk

LEROY A. BOATENG,

Plaintiff,

v.

COAST PROFESSIONAL, INC.,

Defendant.

**1 : 24 -CV- 5929**

Case No.:

## COMPLAINT

## JURY TRIAL DEMANDED

COMES NOW Plaintiff Leroy A. Boateng ("Plaintiff"), and files this Complaint against Defendant Coast Professional, Inc. ("Coast" or "Defendant"), showing this Honorable Court as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

2. Defendant has engaged in a pattern of willful misconduct including false credit reporting, failure to properly investigate disputes, making false statements during litigation, concealing material information about insurance coverage, and attempting to hide the involvement of its employees in credit reporting activities, all of which has caused Plaintiff significant harm.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this district.

## PARTIES

5. Plaintiff is a natural person and resident of the State of Georgia.

6. Defendant Coast Professional, Inc. is a foreign corporation authorized to do business in Georgia with its principal place of business at 214 Expo Circle Suite 7, West Monroe, LA 71292.

7. Defendant regularly conducts business in Georgia and can be served through its registered agent for service of process.

## FACTUAL ALLEGATIONS

### Credit Reporting and Disputes

8. Defendant is a "furnisher of information" to consumer reporting agencies as contemplated by 15 U.S.C. § 1681s-2 and regularly furnishes information about consumers' credit to credit reporting agencies.

9. Despite Defendant's repeated denials in litigation and discovery, evidence shows that Defendant, through its employees, actively participates in credit reporting and dispute handling processes.

10. Specifically, Defendant's employees Connor Dixon and Ankisiya Jones have handled Automated Consumer Dispute Verifications (ACDVs) related to Plaintiff's account.

11. In July 2022, Plaintiff disputed inaccurate information being reported by Defendant to credit reporting agencies.

12. On or about July 21, 2022, Defendant's employee Ankisiya Jones responded to Plaintiff's dispute through an ACDV.

13. On or about September 9, 2022, Defendant's employee Connor Dixon responded to another dispute from Plaintiff through an ACDV.

14. Defendant failed to conduct a reasonable investigation of Plaintiff's disputes as required by the FCRA.

15. Defendant inaccurately reported a Date of First Delinquency as December 1, 2016, without any valid basis for this date.

16. As a direct result of Defendant's inaccurate reporting, Plaintiff's credit score dropped dramatically from 765 to 602.

17. Due to this credit score drop, Plaintiff was denied a $140,000 auto loan and was forced to liquidate $140,000 in assets to purchase a vehicle.

### Pattern of Deceptive Conduct and Misrepresentations

18. Throughout litigation regarding these matters, Defendant has engaged in a pattern of deceptive conduct and misrepresentations, including:

   a. Falsely stating in initial disclosures that it had no applicable insurance coverage ("none at this time");

   b. Later being forced to reveal the existence of a $5 million professional liability insurance policy that specifically covers FCRA claims;

   c. Repeatedly denying any involvement in credit reporting or dispute handling in written discovery responses;

    d. Making contradictory statements through its corporate representative Nicole Bourg regarding the company's credit reporting practices and employee roles;

    e. Failing to produce ACDVs and other relevant documents despite clear evidence of their existence;

    f. Attempting to conceal the roles of employees Dixon and Jones in handling credit disputes.

19. Defendant's corporate representative provided false testimony under oath during her deposition on August 15, 2024, claiming Coast does not handle credit disputes while evidence shows Coast employees actively handle such disputes.

20. Defendant's misrepresentations about its insurance coverage were clearly intended to discourage Plaintiff from pursuing his rights and to avoid liability for its actions.

21. Defendant attempted to hide material evidence of its credit reporting and dispute handling activities by:

    a. Denying the existence of ACDVs;

    b. Falsely claiming employees Dixon and Jones did not work for Coast;

    c. Providing false testimony about credit reporting practices;

    d. Concealing insurance coverage for FCRA claims.

22. Defendant's pattern of deception has caused additional damage to Plaintiff through increased costs, delayed resolution, and continued harm to credit standing.

23. Defendant's misconduct extends beyond individual FCRA violations into a pattern of obstruction, including:

   a. Attempting to obtain terminating sanctions to prevent discovery of evidence;

   b. Making contradictory statements about employee Dixon's role, while his LinkedIn profile confirms his employment;

   c. Providing misleading information to their insurance carrier about the nature and extent of violations;

   d. Engaging in aggressive litigation tactics designed to conceal rather than resolve violations.

24. This pattern demonstrates not just violations of FCRA, but a systematic attempt to prevent discovery of wrongdoing that may affect other consumers similarly situated.

## CAUSES OF ACTION

### COUNT ONE

### Violations of the FCRA

### 15 U.S.C. § 1681s-2(b)

25. Plaintiff incorporates paragraphs 1 through 24 as if fully stated herein.

26. Defendant willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by:

a. Failing to conduct a reasonable investigation of Plaintiff's disputes;

b. Failing to review all relevant information provided by consumer reporting agencies regarding Plaintiff's disputes;

c. Failing to correctly report the results of its investigations to consumer reporting agencies;

d. Failing to modify, delete, or permanently block the reporting of inaccurate information;

e. Continuing to furnish inaccurate information to consumer reporting agencies after receiving notice of disputes.

27. As a direct and proximate result of Defendant's violations, Plaintiff has suffered actual damages including but not limited to:

a. Significant decrease in credit score from 765 to 602;

b. Denial of $140,000 auto loan;

c. Forced liquidation of assets;

d. Damage to creditworthiness;

e. Emotional distress, anxiety, and frustration.

f. Loss of credit opportunities beyond the $140,000 auto loan;

g. Ongoing damage to credit relationships;

h. Time and resources expended addressing false statements and misrepresentations;

i. Mental anguish from dealing with orchestrated deception and cover-up attempts.

## COUNT TWO

## Willful Misrepresentation

28. Plaintiff incorporates paragraphs 1 through 24 as if fully stated herein.

29. Defendant engaged in willful misrepresentation by:

   a. Falsely denying the existence of insurance coverage;

   b. Making false statements about its credit reporting practices;

   c. Providing false testimony through its corporate representative;

   d. Concealing relevant evidence during discovery;

   e. Attempting to hide the involvement of its employees in dispute handling.

30. These misrepresentations were made with knowledge of their falsity or with reckless disregard for their truth.

31. Plaintiff relied on these misrepresentations to his detriment in pursuing his legal rights.

32. Defendant's pattern of willful misrepresentation justifies the imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a) Actual damages in an amount to be determined at trial;

b) Statutory damages of $1,000 pursuant to 15 U.S.C. § 1681n;

c) Punitive damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681n;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o;

e) Equitable relief requiring Defendant to establish proper procedures for handling credit reporting and disputes;

f) Such other relief as this Court deems just and proper.

g) Injunctive relief requiring Defendant to:
   - Implement proper employee training on credit reporting practices;
   - Establish clear procedures for accurate reporting of employee roles;
   - Create compliance monitoring systems;

- Maintain accurate records of all credit reporting activities.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 13th day of December, 2024.

_____

LEROY A. BOATENG
579 Reed Street SE
Atlanta, GA 30312
Plaintiff Pro Se